**Gerardo Thomas GARZA, Plaintiff–Appellant,**

v.

**Troy BURNETT, Defendant–Appellee.**

No. 10–4121.

United States Court of Appeals, Tenth Circuit.

March 8, 2012.

---

Amber M. Mettler, Snell & Wilmer, (Michael D. Zimmerman, Zimmerman Jones Booher, with her on the briefs), Salt Lake City, UT, for the Plaintiff–Appellant.

Heather S. White, (R. Scott Young, with her on the briefs), Snow, Christensen & Martineau, Salt Lake City, UT, for the Defendant–Appellee.

Before LUCERO, BALDOCK, and HARTZ, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

LUCERO, Circuit Judge.

█ Under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a plaintiff may not sue under 42 U.S.C. § 1983 if success in the action would undermine a criminal conviction. Because of that bar, a cause of action subject to *Heck* "does not accrue until the conviction or sentence has been invalidated." *Id.* at 490, 114 S.Ct. 2364. Prior to 2007, this court applied the *Heck* bar to both extant and anticipated convictions. See *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999). However, the Supreme Court held in 2007 that *Heck*'s bar and its principle of deferred accrual do not apply to anticipated convictions. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

These shifting authorities have placed appellant Gerardo Thomas Garza in an unusual position. Garza filed a civil-rights complaint just days before the Supreme Court handed down *Wallace*. He contends that under pre-*Wallace* Tenth Circuit precedent, his complaint was timely when it was filed. But Garza concedes that his complaint is now untimely in light of *Wallace*. He argues that this intervening change in the legal landscape entitles him to equitable tolling under Utah law, and moves to certify the equitable tolling question to the Utah Supreme Court.

Appellee Troy Burnett contends the *Heck* bar and its principle of deferred accrual never applied to Garza's Fourth Amendment § 1983 claim. We reject this contention. Garza's complaint was timely under Tenth Circuit precedent at the time of filing, but was rendered untimely by *Wallace*. Accordingly, the equitable tolling issue is dispositive of this appeal. Because it is unclear whether Utah would toll the statute of limitations based on an intervening change in controlling circuit precedent, we grant Garza's request to certify to this issue to the Utah Supreme Court.

### I

We draw the following facts from Garza's complaint. On April 19, 2002, officer Burnett and his partner investigated suspected drug activity at a motel in Ogden, Utah. After Burnett knocked on the door of the motel room, a woman answered and allowed the officers to enter. Upon entry, the officers heard the bathroom door slam. They asked the woman who was in the bathroom, and she replied that it was her boyfriend, Garza. The officers entered the bathroom without permission and discovered Garza, who was in possession of a firearm and methamphetamine.

Garza pled guilty in federal court to possession of methamphetamine and possession of a firearm as a felon, but preserved his right to appeal the district court's denial of his suppression motion. On appeal to this court, we held that the search violated Garza's Fourth Amendment rights and reversed his conviction in an unpublished order and judgment dated February 2, 2005. *United States v. Garza*, 125 Fed.Appx. 927 (10th Cir.2005).

On February 16, 2007, Garza filed suit in federal court against Burnett under 42 U.S.C. § 1983, based on the unconstitu-

tional search of the hotel bathroom.[1] Burnett moved for summary judgment on the ground that Garza's suit was untimely. The district court concluded that Utah's four-year statute of limitations applied to Garza's § 1983 action and that the action accrued on the date of the 2002 Fourth Amendment violation. It further held that Garza was not entitled to equitable tolling under Utah law. Accordingly, it granted summary judgment in favor of Burnett.

Garza now appeals and moves to certify to the Utah Supreme Court.

## II

■ The sole issue on appeal is the timeliness of Garza's complaint. Although the parties agree that Utah's residual four-year statute of limitations applies to Garza's § 1983 action, *see* Utah Code § 78B–2–307(3), the question of when the limitations period began to run is quite complex. Actions under § 1983 normally accrue on the date of the constitutional violation. *See Wallace,* 549 U.S. at 388, 127 S.Ct. 1091. However, under *Heck,* a § 1983 claim is not cognizable if it "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction or confinement." 512 U.S. at 486, 114 S.Ct. 2364. Accordingly, a plaintiff advancing a claim subject to the *Heck* bar is required to show that her conviction was reversed or otherwise set aside, *id.* at 487, 114 S.Ct. 2364, and the claim does not accrue until the date the conviction is declared invalid, *id.* at 489–90, 114 S.Ct. 2364; *see also Wallace,* 549 U.S. at 393, 127 S.Ct. 1091 (*Heck*'s principle of deferred accrual "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in

that tort action would impugn" (emphasis omitted)).

If the *Heck* bar applied to Garza's suit, his action would have accrued on February 2, 2005, when this court reversed his conviction. Using that accrual date, his complaint would have been timely under pre-*Wallace* circuit precedent. Without *Heck*'s deferred accrual, the four-year limitations period would have begun to run on April 19, 2002—the date of the unconstitutional search—and the complaint would be untimely.

Burnett argues that the latter accrual date is appropriate because *Heck* never barred Garza's complaint. In essence, Burnett contends that *Heck* never applies to § 1983 claims based on alleged Fourth Amendment violations because success on those claims does not necessarily undermine the resultant convictions.

Our circuit eschewed such a categorical rule in favor of a more nuanced analysis. Admittedly, dicta from our decision in *Beck v. City of Muskogee Police Dep't* could be read as supporting Burnett's theory. *See* 195 F.3d at 557–58. As we noted in that case, *see id.* at 558 n. 3, the *Heck* Court discussed hypothetical Fourth Amendment claims in its opinion:

[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not nec-

---

1. Technically speaking, Garza's complaint was received by the court on February 16, but his complaint was not filed until after the court approved his motion to proceed in forma pauperis on April 5, 2007. Because the filing date relates back to the date of the complaint's receipt under these circumstances, *see Jarrett v. U.S. Sprint Commc'ns Co.,* 22 F.3d 256, 259 (10th Cir.1994), we refer to February 16 as the filing date.

essarily imply that the plaintiff's conviction was unlawful.

512 U.S. at 487 n. 7, 114 S.Ct. 2364.

But far from adopting a categorical rule, we held in *Beck* that the question of whether *Heck* bars a plaintiff's claims "depend[s] on their substance." *Beck,* 195 F.3d at 557. In line with this case-by-case approach, we have applied *Heck* in the "rare situation" in which "all of the evidence obtained ... was the result of" an illegal search. *Trusdale v. Bell,* 85 Fed. Appx. 691, 693 (10th Cir.2003) (unpublished); *see also Johnson v. Pottawotomie Tribal Police Dep't,* 411 Fed.Appx. 195, 199 n. 4 (10th Cir.2011) (unpublished) ("We have previously acknowledged some claims of illegal search and seizure are not automatically barred by *Heck* if 'ultimate success on them would not necessarily question the validity of a conviction.' However, that is not true of [plaintiff]'s claims." (quoting *Beck,* 195 F.3d at 558)).

Our circuit precedent requires us to look to the substance of a claim to determine whether the *Heck* bar applies. Regardless of the manner in which a claim is labeled, it is barred if it "would necessarily imply the invalidity of any conviction." *Beck,* 195 F.3d at 557. In this case, as in *Trusdale* and *Johnson,* the convictions at issue are for possession of contraband uncovered by an allegedly unconstitutional search. Without the unlawfully seized evidence, it is abundantly clear that Garza could not have been convicted, and thus a declaration that the search was unconstitutional would undermine the convictions. Although Burnett cites the references in *Heck* to the doctrines of "independent source," "inevitable discovery," and "harmless error," 512 U.S. at 487 n. 7, 114 S.Ct. 2364, he makes no effort to explain how such doctrines might have applied to Garza's specific claim. We also note that Garza was not retried following our ruling that the search of the motel room violated the Fourth Amendment, lending further support to the conclusion that his conviction was necessarily undermined.

This court would have applied the *Heck* bar to Garza's suit had it been brought prior to our order reversing his conviction. Thus, under circuit precedent on the date of filing, Garza's accrual date would have been February 2, 2005 and his complaint would have been filed well within the four-year limitations period.

## III

Although our court would have treated Garza's complaint as timely when filed, a Supreme Court case handed down shortly after filing transformed the timely complaint into an untimely one. Prior to 2007, we applied the *Heck* bar and its accompanying principle of deferred accrual to both extant and anticipated convictions. As we held in *Beck,* "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence *that might result from prosecution of the pending charges.* Such claims arise at the time the charges are dismissed." 195 F.3d at 557 (emphasis added).

Just after Garza filed his complaint in this case, this circuit precedent was overturned. In *Wallace,* the Supreme Court held that the *Heck* bar and its concomitant principle of deferred accrual do not apply to anticipated future convictions. 549 U.S. at 393, 127 S.Ct. 1091 ("[T]he *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been invalidated, that is to say, an outstanding criminal judgment." (quotations, emphasis, and ellipses omitted)). The Court further declined to adopt a federal tolling rule for such cases, instead stating that federal courts "have

generally referred to state law for tolling rules." *Id.* at 394, 127 S.Ct. 1091.

The impact of *Wallace* on Garza's complaint is clear: *Heck* posed no bar to his claim before he was convicted, and without deferred accrual, his limitations period began to run on the date of the unconstitutional search, rendering his complaint untimely.[2] In sum, although it was timely on the day it was submitted, *Wallace* transformed Garza's complaint into an untimely one.

## IV

■ Garza argues that this intervening change entitles him to equitable tolling under Utah law. In Utah, the doctrine of equitable tolling "has been developed almost exclusively through application of the discovery rule," which allows for tolling if a party could not have reasonably discovered the existence of a claim within the limitations period. *Beaver Cnty. v. Prop. Tax Div. of Utah State Tax Comm'n*, 128 P.3d 1187, 1195 (Utah 2006). That well-established rule is inapplicable in this case, and Utah courts have not been asked to toll a statute of limitations under the circumstances presented here.

■ A recent pronouncement from Utah's highest court leaves the question open:

No Utah court has ever found occasion to equitably toll a limitations period when there has not first been a demonstration that the party seeking the tolling could invoke the discovery rule.... This is not to say that no party may ever qualify for equitable relief in the absence of such a delay in discovering the claim, but rather to illustrate the high bar this court has required those seeking such extraordinary relief to hurdle.

*Id.* at 1193. Despite the unprecedented nature of his request, Garza nonetheless makes a persuasive case that his situation might merit such a significant step. He notes that Utah courts have found an intervening change in the law to constitute "exceptional circumstances" in another context. *See State v. Lopez*, 873 P.2d 1127, 1134 n. 2 (Utah 1994) (allowing litigant to raise issue for first time on appeal because intervening change in law presented "exceptional circumstances"). Thus, Garza contends, the essential question presented is whether such "extraordinary circumstances" as an intervening change in controlling circuit precedent merit equitable tolling. He also points to other federal cases, applying the law of other states, in which courts equitably tolled a statute of limitations because of *Wallace*'s change in controlling authority. *See Hargroves v. City of New York*, 694 F.Supp.2d 198, 211–12 (E.D.N.Y.2010), *rev'd on other grounds*, 411 Fed.Appx. 378 (2d Cir.2011); *Kucharski v. Leveille*, 526 F.Supp.2d 768, 773 (E.D.Mich.2007). Of course, these cases are not binding authority with respect to Utah law, but they may be treated as persuasive authority. For his part, Burnett argues that the fact that Garza did not file his complaint until two years after his conviction was reversed disentitles him to equitable tolling. Utah courts might consider this fact persuasive, but they could also deem it irrelevant in light of the fact that when he filed his complaint, nearly two years remained in the limitations period.

Although both parties make reasoned arguments, we decline to decide the issue ourselves in the absence of controlling Utah authority. In furtherance of "the interests of comity and federalism" that

2. Because Garza's case was pending at the time *Wallace* was decided, the new rule of law announced in *Wallace* applies to his case.

*See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

certification protects, *Ohio Cas. Ins. Co. v. Unigard Ins. Co.*, 564 F.3d 1192, 1198 (10th Cir.2009), we conclude that the Utah courts should have the opportunity in the first instance to decide whether these circumstances merit equitable tolling.

### V

Accordingly, pursuant to 10th Cir. R. 27.1 and Utah R.App. P. 41, we **CERTIFY** the following question to the Utah Supreme Court:

Under Tenth Circuit decisions at the time Gerardo Thomas Garza filed his complaint, approximately two years remained in limitations period. A Supreme Court decision soon after filing, however, overturned those decisions and rendered his complaint approximately ten months late. Under Utah law, does an intervening change in controlling circuit law merit equitable tolling under these circumstances?

The Clerk of this court shall transmit a copy of this certification order to counsel for all parties. The Clerk shall also forward, under the Tenth Circuit's official seal, a copy of this certification order and the briefs filed in this court to the Utah Supreme Court.

We greatly appreciate the Utah Supreme Court's consideration of this request. This appeal is **STAYED** pending resolution of the certified question.

HARTZ, Circuit Judge, concurring in part and concurring in the judgment.

Judge Hartz joins only Part V of the opinion.